316 So.2d 106 (1975)
STATE of Louisiana
v.
Gene L. KAROL.
No. 56269.
Supreme Court of Louisiana.
June 25, 1975.
Bart Eaton, Percy, Macmurdo, Gray & Eaton, Baton Rouge, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Ralph L. Roy, Asst. Dist. Atty., for plaintiff-respondent.
BARHAM, Justice.
Relator was convicted after a bench trial of driving while intoxicated and was sentenced to pay costs and a fine of $150.00; in default of payment relator is ordered to serve thirty days. We granted writs to decide whether the trial court erred in admitting the results of a PEI test administered to determine relator's intoxication without requiring the State to first prove that the state department of health approved the methods used by the operator who administered the test. La.R.S. 32:663 provides, in pertinent part:

"Chemical analyses of the person's blood, urine, breath or other bodily substance, to be considered valid under the provisions of this Part, shall have been performed according to methods approved by the state department of health and by an individual possessing a valid permit issued by said department for this purpose. The state department of health is authorized to approve satisfactory techniques or methods, to ascertain the qualifications and competence of individuals to conduct such analyses, and to issue permits which shall be subject to termination or revocation at the discretion of the department." (Emphasis supplied).
In State v. Jones, La., 316 So.2d 100, decided this date, we determined that the "method" promulgated by the state department of health which purports to prescribe the procedure for conducting the breath test for determining alcohol concentration in the blood even if judicially cognizable, does not satisfy the requirements set forth in La.R.S. 32:663. In the instant case, as in Jones, the State failed to produce at *107 trial evidence that the procedure used had been approved by the state department of health, although it has subsequently come to light that the state department of health did attempt to comply with its duties under the statute by informing the assistant director of the State Police Crime Laboratory of its approval of the use of the Photo-Electric Intoximeter by letter of 9-19-69 and by setting forth approval of the use of the Photo-Electric Intoximeter manufactured by Intoximeter, Inc. of St. Louis, Missouri, in a directive of December 19, 1974.
In accordance with our findings in State v. Jones, supra, and the holding of that case, we must reverse the relator's conviction and sentence and remand the case for a new trial.
Reversed and remanded.